## MIAMI SAVINGS & LOAN CO v HICKEY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1089.   Decided Jan 20, 1932

Sigler & Denlinger, Dayton, and Burkhardt, Heald & Pickrel, Dayton, for plaintiff in error.

Nolan & Beigel, Dayton, for defendant in error.

ALLREAD, PJ.

Two questions are raised. (1) As to an error in the description of the real estate in the mechanic's lien. (2) As to the date of the last item in the account.

The first objection as to the description is that the lien by its description of the real estate covers too much land. We think this objection to the mechanic's lien is not good, the lien may be enforced to the extent upon which the structure has been built and ignored as the land not so used.

DeMann on Mechanics' Liens, §88, Kunkle v Reiser, 5 O.D., 436.

Upon the second question it appears that the mechanic's lien was completed and filed on January 8, 1929. To support the mechanic's lien it was attempted to be shown that the last item was furnished on November 10, 1928. This item was one for repairs to the roof of the building caused by damages by other workmen on the building. This item was claimed to have been furnished under a custom. This custom was shown to have been in existence at the time of the principal contract and known to both parties thereto. By such custom it is claimed that the lien for repairs was engrafted upon the original contract and made part of it. The evidence in our judgment sustained this claim and makes the custom a part of the original contract. Park v Williamson Heater Co., 29 C.A., 253; DeMann on Mechanic's Lien Law, §95; Bernstorf v Hardway, 7 C.C., 387. The evidence tends to prove that the repairs made upon the roof and other parts of the building were made necessary by injuries done by the workmen engaged in other parts of the building of the structure. By the custom it was made a part of the original contract and is therefore valid as an item therein. The judgment of the Court of Common Pleas which sustained the mechanic's lien of Hickey should therefore be affirmed. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.